# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INSTITUTE FOR ENERGY RESEARCH | ) | |
| 1155 15th Street, NW Suite 900 | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1677 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE TREASURY | ) | |
| 1500 Pennsylvania Avenue, NW | ) | |
| Washington, D.C. 20220 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff INSTITUTE FOR ENERGY RESEARCH ("IER") for its complaint against

Defendant UNITED STATES DEPARTMENT OF THE TREASURY ("Treasury" or "the

Department"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to

   compel production under one request for certain described correspondence dated

   during specified periods in 2017 and 2018, to or from one Treasury official, which

   use specific, provided terms such as "Bloomberg task force", "G20", and "climate

   risk disclosure".

2) IER sent this FOIA request by facsimile on May 31, 2018.

3) Treasury did not substantively respond to plaintiff's request for records or for a fee waiver within twenty working days, or thirty days after taking a ten-day extension, as required under FOIA, either by producing responsive records or demonstrating an intention to comply with the request.

4) The Treasury Department is an agency subject to FOIA and is accountable to the taxpayers and to the public.

5) The requested records relate to agency performance of official functions.

6) Transparency in federal government service is a legal requirement that has become the subject of great public interest and expectation, and a multitude of specific and high-profile promises in recent years including in the form of Presidential and Attorney General memoranda.

7) The records at issue in this matter are of significant and immediate public interest for reasons including increased media and policymaker attention to a campaign to impose "climate risk disclosure" requirements on private businesses, and reports about a "Bloomberg task force" involvement in "G20" (or Group of Twenty government and central bank governors) discussions about international and domestic policy regimes.

## PARTIES

8) Plaintiff IER is a non-profit public policy institute in Washington, D.C. organized under section 501(c)3 of the tax code, with research, publication and other media functions, as well as a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources, all of

which include broad dissemination of public information obtained under open records and freedom of information laws.

9) Defendant Treasury is a federal agency, headquartered in Washington, DC.

## JURISDICTION AND VENUE

10) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

11) Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) for each of the following three reasons: (1) because plaintiff resides in the District of Columbia (which is sufficient where defendant is an agency of the United States), (2) defendant resides here, and (3) the events giving rise to this lawsuit arose here, too.

## FACTUAL BACKGROUND

12) This lawsuit seeks to compel Treasury to respond fully and completely to one FOIA request dated May 31, 2018 and sent by facsimile. The request seeks certain described records dated over specified time periods in 2017 and 2018 sent to or from one specific employee within defendant Treasury Department.

13) By one letter dated June 11, 2018, or twelve days after plaintiff sent its request to defendant, Treasury acknowledged this request and took an extension of ten days to respond, on the basis of "unusual circumstances [that] exist regarding the search for and review of potentially responsive records… due to the consultation required between two or more program offices and/or… voluminous records".

14) Treasury assigned 2018-06-002 as the identification number for this request.

15) With the extension of time, Treasury's response was due July 12, 2018.

16) Treasury failed to rule on IER's requests in the alternative for fee waiver, stating instead, in pertinent part, "We will review your request for a fee waiver once our office ascertains that the billable costs will exceed our $25.00 billing threshold."

17) By declining to rule on either basis of IER's requests for fee waiver within the statutorily prescribed time, Treasury has constructively denied IER's request to have its fees waived or substantially reduced despite being barred under FOIA from assessing fees after failing to substantively respond by the statutory deadline with a decision.

18) To date, Treasury has not provided any responsive records and otherwise has failed to meet its statutory obligation under FOIA, as elaborated by this Court in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013).

19) Plaintiff is entitled to the requested information, to have its fees waived, and to judicial review of defendant's refusals to provide the information.

## Plaintiff's FOIA Request Seeking Certain Records of the Office of Environment & Energy

20) On May 31, 2018, plaintiff sent a request for records by facsimile to Treasury at 202.622.3895, seeking (emphases in original):

"Copies of any and all correspondence which was sent to or from or copying (whether as cc: or bcc:) **Peter Wisner,** Director of the Office of Environment & Energy, which contain, in the To or From, cc: and/or bcc: fields, the Subject field, and/or the email

body or any attachment, any of the terms *or parties*: a) "Bloomberg task force", b)

G20, c) G-20, d) "TCFD", e) Task Force on Climate-Related Disclosure" (or "…

Disclosures"), f) "climate risk disclosure", and/or g) "climate financial disclosure"

from **January 1, 2017 through August 1, 2017** […and] from **January 1, 2018**

**through the date you process this request, inclusive**".

21) In the request plaintiff stated "Given the nature of the records responsive to this

request, all should be in electronic format, and therefore there should be no

photocopying costs"

22) In the request, plaintiff noted that "This request is made to inform the public about an

issue of great public interest, particularly the effort of government employees and

outside activist networks advocating for creation of a government policy — "climate

risk disclosure" — that would have tremendous financial and legal consequences,

which campaign is inarguably the subject of widespread media and public

interest." (citations omitted). This public interest thereby forms the basis for the

request for fee waiver.

23) Plaintiff also filed for fee waiver in the alternative as a media outlet, citing to its

substantial publication record and practices.

24) Defendant was required to address both requests in the alternative in the event it

denied plaintiff's request for waiver.

## Defendant's Response to Plaintiff's FOIA Request

25) By one letter, sent by electronic mail and dated June 11, 2018, or eight working days

after plaintiff sent its request to Treasury, Defendant acknowledged this request,

assigning it identification number 2018-06-002, and took an extension of ten days to respond, on the basis of "unusual circumstances [that] exist regarding the search for and review of potentially responsive records… due to the consultation required between two or more program offices and/or… voluminous records".

26) Treasury did not grant plaintiff's request to have its fees substantially reduced or waived, although the Department has now waived any ability to assess fees by failing to respond substantively within 20 working days or even within the extended 10 day period defendant took for itself.

27) Defendant's basis for not granting the fee waiver was that defendant had not determined whether plaintiff's request's costs would exceed $25.00.

28) Defendant thereby declined to rule on either basis of IER's requests for fee waiver within the statutorily prescribed time, while also suggesting its deferred decision, if made, would be based on the invented basis of whether fees exceed $25.00.

29) Under FOIA defendant owed plaintiff a substantive initial determination to this request by June 28, 2018, or subsequently July 12, 2018 with the extension.

30) Defendant has improperly failed to rule on, let alone grant, IER's requests in the alternative for fee waiver, failed to provide such initial determinations of the estimated volume of responsive records to be processed, and otherwise to manifest its intention to process plaintiff's requests, it has failed to provide a schedule of production and what exemptions it might claim under FOIA and it has failed to provide assurance it was actually processing such requests, as required within 20 days by 5 U.S.C.S. § 552(a)(6)(A)(i). t.

31) Plaintiff has no further obligations under the administrative process as regards this request, because of defendant's failure to abide by FOIA's statutory deadlines.

## **LEGAL ARGUMENTS**

32) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, affirming the agency is processing the request and intends to comply. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide an initial determination with particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions.

33) Defendant did not substantively respond to plaintiff's request as required.

34) 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

35) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court

noted: "[The effect of] the 2007 Amendments was to impose consequences on

agencies that do not act in good faith or otherwise fail to comport with FOIA's

requirements. See S. Rep. No. 110-59.  To underscore Congress's belief in the

importance of the statutory time limit, the 2007 Amendments declare that '[a]n

agency shall not assess search fees… if the agency fails to comply with a*ny time

limit'* of FOIA" (*emphasis added*). In addition the Fourth Circuit noted that the Open

Government Act of 2007 causes agencies to waive their right to fees if the agency

fails to comply with an applicable time limit under FOIA. See *Coleman v. Drug

Enforcement Admin.,* 714 F.3d 816, FN 2 (4th Cir. 2013)*.* In other words, the

amendments were created to prevent agencies from delaying processing requests

only to then impose fees when compelled to produce responsive records.

36) After taking an extension of time to respond, Treasury owed plaintiff a substantive

response to its request for information by July 12, 2018.

37) Treasury has not provided any responsive records to plaintiff or otherwise complied

with FOIA.

38) Defendant has failed to rule on, let alone properly grant, granted plaintiff's requests in

the alternative to have its fees waived or substantially reduced, as "disclosure of the

[requested] information is in the public interest because it is likely to contribute

significantly to public understanding of the operations or activities of the

government" and on the basis of its status as a media outlet.

39) Treasury must therefore produce the requested documents as required by law, waiving any fees.

## FIRST CLAIM FOR RELIEF
### Release of Certain Records, Request No. 2018-06-002 — Declaratory Judgment

40) Plaintiff re-alleges paragraphs 1-39 as if fully set out herein.

41) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

42) Plaintiff is statutorily entitled to responsive records subject to legitimate withholding.

43) Defendant failed to provide plaintiff responsive records.

44) Plaintiff is required to pursue no further administrative remedies.

45) Plaintiff asks this Court to enter a judgment declaring that:

    i. Documents in Treasury's possession using the words "Bloomberg task force", "G20", "G-20", "TCFD", "Task Force on Climate-Related Disclosure" (or "… Disclosures")", "climate risk disclosure", and/or "climate financial disclosure" as described in request number 2018-06-002 are agency records under FOIA;

    ii. Treasury's response to plaintiff's FOIA Request seeking the described records is not reasonable, and does not satisfy Treasury's obligations under FOIA;

    iii. Treasury's refusal to produce the requested records is unlawful; and

    iv. Treasury must produce those requested records within ten days of the order.

## SECOND CLAIM FOR RELIEF
### Release of Certain Records, Request No. 2018-06-002 — Injunctive Relief

46) Plaintiff re-alleges paragraphs 1-45 as if fully set out herein.

47) Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's request No. 2018-06-002.

48) We ask this Court to enter an injunction pursuant to 5 U.S.C. § 552(a)(4)(B) enjoining defendant from further withholding responsive records and ordering the defendant to produce to plaintiff, within 10 business days of the date of the order, the described, requested records or a detailed *Vaughn* index claiming FOIA exemptions applicable to withheld information.

### THIRD CLAIM FOR RELIEF
**Request for Fee Waivers for Certain Described Records — Declaratory Judgment**

49) Plaintiff re-alleges paragraphs 1-48 as if fully set out herein.

50) Plaintiff has sought and been denied a waiver or reduction of its fees for one request under the Freedom of Information Act.

51) FOIA provides for fee waiver or reduction when "disclosure of the [requested] information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."

52) Plaintiff has a statutory right to have its fees waived or substantially reduced, which it articulated in the alternative in its original request.

53) Defendant constructively denied plaintiff's request for waiver or substantial reduction of its fees.

54) Defendant is barred from requiring fees having failed to substantively respond within the statutory time period.

55) Plaintiff has exhausted its administrative remedies.

56) Plaintiff asks this Court to enter a judgment declaring that:

   i. Disclosure of Treasury records as described in plaintiff's request number 2018-06-002 is in the public interest because it is likely to contribute

     significantly to public understanding of the operations or activities of the government;

ii. Treasury may not assess fees due to its failure to substantively respond in the statutory time period;

iv. Treasury's refusal to grant plaintiff's request for fee waiver is unlawful;

v. Treasury's denial of plaintiff's fee waiver request is not reasonable, and does not satisfy Treasury's obligations under FOIA; and

vi. Treasury must grant plaintiff's request to have its fees waived or substantially reduced associated with producing the requested records.

### FOURTH CLAIM FOR RELIEF
**Request for Fee Waivers for Certain Described Records — Injunctive Relief**

57) Plaintiff re-alleges paragraphs 1-56 as if fully set out herein.

58) Plaintiff is entitled to injunctive relief compelling defendant to grant plaintiff's request to have its fees waived or substantially reduced.

59) We ask this Court to enter an injunction ordering the defendant to grant plaintiff's request to have its fees waived or substantially reduced within 10 business days of the date of the order.

### FIFTH CLAIM FOR RELIEF
**Costs And Fees – Injunctive Relief**

60) Plaintiff re-alleges paragraphs 1-59 as if fully set out herein.

61) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

62) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

63) Plaintiff has a statutory right to the records that it seeks, defendant has not fulfilled

its statutory obligations to provide the records or a substantive response, and there is

no legal basis for withholding the records.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 17th day of July, 2018,

By Counsel:

Christopher C. Horner
D.C. Bar No. 440107
1489 Kinross Lane
Keswick, VA
(202) 262-4458
chris@chornerlaw.com

Jason T. Miller
D.C. Bar No. MD0060
4008 Ferrara Drive
Silver Spring, MD 20906
(269) 841-0046
61miller@cua.edu

Attorneys for Plaintiff